## TOM WARD v. STATE.

No. A-2963.   Opinion Filed September 28, 1918.

(175 Pac. 60.)

1. **INTOXICATING LIQUORS—Illegal Possession—Evidence.** To justify or sustain a conviction of having possession of intoxicating liquors with intent to violate any of the provisions of the prohibitory law, there must be evidence sufficient to prove possession, and also evidence of the criminal intent. Where the verdict is manifestly contrary to the evidence, the judgment of conviction will be reversed.

2. **SAME.** See opinion for facts held insufficient to support a conviction for the offense of having possession of intoxicating liquors with intention of violating provisions of the prohibitory law.

*Appeal from County Court, Carter County;*
*Thos. W. Champion, Judge.*

Tom Ward was convicted of having illegal possession of intoxicating liquors, and appeals. Reversed.

*Champion & George,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is prosecuted from a judgment of the county court of Carter county, wherein the plaintiff in error was sentenced to pay a fine of $100 and to be confined in the county jail for 30 days.

The information charges that Tom Ward and Harris Coats did have in their possession 24 pints of whisky and four gallons of alcohol with the unlawful intent to sell the same. The evidence for the state was substantially as follows: Horace Kendall, deputy sheriff, testified that on the day alleged he went to Tom Ward's home, near Lone Grove, with Joe Lathrop, John Ginn, and one Brooks, and they

found the intoxicating liquors in a hole in a woodland pasture 200 yards from the defendant's house; that the defendant Ward was not there; that the defendant Coats was at the house; that they arrested Coats and returned to Ardmore. To the same effect was the testimony of Joe Lathrop. The defendants demurred to the evidence, and moved the court to advise the jury to acquit the defendants, on the ground that the evidence was insufficient to warrant a conviction, which was overruled.

As a witness in his own behalf the defendant Ward testified that he had lived around Ardmore for 27 years, had never sold any whisky, and knew nothing about the whisky and alcohol in question, or where it was found; that he was not at home, when the officers searched his place. The defendant Coats testified that he was employed by the Ardmore Construction Company; that Tom Ward was his uncle by marriage, and he was visiting at Ward's when the officers found the whisky in the wood pasture; that he did not know who put the whisky there, and he had never sold any whisky. Emma and Julia Ward, daughters of Tom Ward, testified that they lived with their father, and that they knew nothing about the whisky that was found in the wood pasture near their home; that their father had never handled or sold any whisky.

By their verdict the jury acquitted Harris Coats, and found Tom Ward guilty, and fixed his punishment at 30 days' confinement in the county jail and $100 fine. The Attorney General has very properly filed a confession of error, for the reason that the evidence is insufficient to sustain the verdict.

Viewing all the testimony in this case, it is apparent that the evidence does not support the verdict, for the reason that no actual or constructive possession by the

defendant of the intoxicating liquors as alleged has been shown. It is a cardinal principle in our jurisprudence that the jury is the ultimate tribunal for the investigation and determination of questions of fact. Whether, however, the state fails to offer any evidence tending to prove the offense charged, or whether the evidence offered tends to prove anything pertinent to the issue, is a question of law for the court, and where there is an entire absence of evidence tending to identify the defendant with the commission of the offense charged in the information, the court should direct a verdict of acquittal. *Ren v. State,* 9 Okla. Cr. 671, 132 Pac. 1131. Defendants should not be convicted upon mere suspicions of guilt, or even strong probabilities of guilt. To warrant their conviction, the testimony, when all considered, should be clear and convincing, entirely satisfying the minds and conscience of the jury.

For the reasons stated, the confession of error is sustained, and the judgment is reversed.

ARMSTRONG and MATSON, JJ., concur.