## J. P. WILLIAMS v. STATE.

No. A-4128.    Opinion Filed Dec. 3, 1923.
(220 Pac. 667.)

(Syllabus.)

1. Intoxicating Liquors—General Reputation of Home Incompetent to Prove Unlawful Possession. Ordinarily, upon a trial under an information charging that the defendant had possession of intoxicating liquors with the intention of violating the prohibitory liquor law, evidence of the general reputation of defendant's home as a place where intoxicating liquors |are kept for sale is incompetent to prove the charge.

2. Same—General Reputation of Place Admissible to Show Intent. Where evidence discloses the possession of intoxicating liquor in a place of public resort, fitted up with all the fixtures and appurtenances of a liquor saloon, the general reputation of such place as a place where intoxicating liquors are kept for sale is admissible on the question of criminal intent, where the crime charged is the unlawful possession of intoxicating liquor with intent to sell the same.

3. Same—Reputation as Public Resort not Predicate for Evidence of Reputation as Place for Sale of Liquor. Proof that defendant's home had the general reputation of being a place

of public resort is not a sufficient predicate to authorize the admission of evidence of the general reputation of such place as a place where intoxicating liquor is kept for sale.

Appeal from County Court, Logan County; A. H. Boles, Judge.

J. P. Williams was convicted of the offense of unlawful possession of intoxicating liquor, and sentenced to pay a fine of $100 and to imprisonment in the county jail for 30 days and appeals.  Reversed and remanded.

B. F. Garrett, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.  J. P. Williams was convicted in the county court of Logan county on the 15th day of October, 1921, of the offense of unlawful possession of intoxicating liquor, and punishment was fixed as above stated.  The information charged the possession of one quart of whisky on the 28th day of March, 1921.

The state introduced two witnesses, the sheriff and a deputy sheriff, who testified that on the 28th day of March, 1921, they searched the defendant's residence in the city of Guthrie, and found in the kitchen thereof one quart of whisky; that the defendant was not at home at that time. In addition thereto these witnesses were permitted to testify over the objection and exception of defendant, that they were acquainted with the general reputation of the defendant's home as a place of public resort, and both testified that such reputation was bad.  After having so testified, these witnesses were also permitted to testify that they knew the general reputation of defendant's home as a place for the sale of whisky, and also, over objection, testified that such reputation was bad.

The testimony of these two witnesses constituted the state's case, and it is here contended that the admission of the evidence of the general reputation of defendant's home as a place of public resort was improper, and, further, that the admission of the additional evidence of its reputation as a place where whisky was sold, based upon evidence of its reputation as a place of public resort, was also erroneous. Further, it is contended that without this incompetent evidence, admitting for the sake of the argument that the whisky was possessed by the defendant, there is no evidence, either direct or circumstantial, that tends to show any unlawful intent to sell or otherwise dispose of any of such whisky.

To justify or sustain a conviction of having possession of intoxicating liquors with the intent to violate any of the provisions of the prohibitory liquor law there must be evidence sufficient not only to prove possession but also to prove the criminal intent. When the verdict is manifestly contrary to the evidence, or the conviction is based on entirely insufficient evidence, the judgment of conviction will be reversed. Ward v. State, 15 Okla. Cr. 61, 175 Pac. 60.

The general rule as to evidence of the general reputation of the premises in a trial for unlawful possession of intoxicating liquor is stated in Thompson v. State, 9 Okla. Cr. 525, 132 Pac. 695, as follows:

"Upon a trial under an information charging that the defendant did have the possession of intoxicating liquors with the intention of violating the provisions of the prohibitory [liquor] law, evidence of the general reputation of his home or barn is incompetent to prove the charge."

The only departure from the foregoing general rule is stated in Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557, as follows:

"Where the evidence discloses the possession of intoxicating liquors in a place of public resort, fitted up with all the fixtures and appurtenances of a liquor saloon, the general reputation of such place as a place where intoxicating liquors are kept for sale is admissible on the question of intent, where the crime charged is the unlawful possession of intoxicating liquors with intent to sell the same."

In the body of the opinion in the latter case it is said:

"If the proof shows that possession of such liquor was in a place of public resort, why should not the reputation of such a place be admissible * * * on the question of intent to sell? This court has unequivocally held that the reputation of the place of keeping may be proved, where the offense charged is maintaining a place for the purpose of sale. We see no good reason for admitting such evidence in that class of cases, and in excluding it in this class, where the facts show possession in a place of public resort."

Thus it will be seen that evidence of the general reputation of the premises as a place where liquors are sold is ordinarily not admissible in a prosecution for the unlawful possession of intoxicating liquor with intent to sell. In this jurisdiction the only exception to such general rule is as stated above, and evidently in this case the prosecuting officers believed they were complying with the premise that the place must be a place of public resort by merely proving the general reputation of the place as one of public resort. Such was not the holding in the Ward Case. Before evidence of general reputation of the premises will be held to be admissible in prosecutions of this kind there must be specific evidence that the place itself was a place of public resort, not simply that it bore such reputation.

The evidence here complained of, therefore, was inadmissible. Was it prejudicial? We think it was. The evidence shows that only one quart of whisky was found in the

kitchen of the home of the defendant; that the defendant was not at home at the time. There was no evidence that the place was fitted up for drinking purposes; that there were any vessels or other things around the premises suitable for drinking intoxicating liquor; that the defendant ever made a sale of liquor from said premises, or that people were seen in and around said premises in an intoxicated condition.

The possession of one quart of whisky in a person's home is not presumptive evidence of an intention to violate the provisions of the prohibitory liquor laws. To constitute such presumptive evidence the quantity of spirituous liquor possessed at a person's residence must be in excess of one gallon. Section 6999, Compiled Statutes 1921. It is apparent from all the evidence, therefore, that the only evidence having any bearing whatever on the criminal intent of the defendant was the incompetent evidence of the general reputation of the place as a place of public resort, used as a basis for the introduction of evidence of the general reputation of the place as a place where whisky was sold in violation of law. This incompetent evidence, erroneously admitted over the objection and exception of defendant, was clearly prejudicial to his rights, and requires a reversal of the judgment, as otherwise the evidence of criminal intent is wholly insufficient.

For reasons stated the judgment is reversed, and the cause remanded to the county court of Logan county for further proceedings not inconsistent with this opinion.

DOYLE, J., concurring.

BESSEY, J., absent, not participating.