ARTHUR DOWDY et al. v. STATE.

No. A-4524.   Opinion Filed Aug. 28, 1924.

(228 Pac. 528.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Manufacture.** In a prosecution for manufacturing intoxicating liquor, evidence reviewed, and held insufficient to sustain the verdict and judgment of conviction.

Appeal from County Court, Marshall County; Isaac Lewis, Judge.

Arthur Dowdy and another were convicted of the unlawful manufacture of intoxicating liquor, and they appeal. Reversed.

Minter & McClendon, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charges Frank Dowdy, Arthur Dowdy, and A. B. Blankenship with manufacturing 10 gallons of whisky in Marshall county on or about the 28th day of March, 1922.

It appears that the defendant Frank Dowdy was granted a severance. Upon the trial of the other two defendants a verdict of guilty was returned and the punishment of each fixed at 30 days in the county jail and a fine of $50. They have appealed from the judgment rendered on the verdict.

The petition in error, among other assignments, alleges that the verdict is not sustained by the evidence. The Attorney General declines to take the contrary position before this court.

It appears from the evidence that the defendant Frank Dowdy had a 40-acre farm near the Washita river, about

10 miles southeast of Kingston; that on the 30th day of April, 1922, John Glenn, sheriff, in company with deputy sheriff Dickerson, constable Byrd, and a special deputy, Ed Jones, went to the Dowdy farm. There the parties separated and searched up and down the river. The deputy sheriff and constable came upon Frank Dowdy, engaged in making fence posts, and inquired of him if he knew where there were any stills; he informed them that he did not, but if they would go down to the boat landing they would find a place where they had been putting it across the river. In the timber near this boat landing they found two barrels of mash. Following tracks from there to a cornfield they found a barrel of mash buried between the corn rows; they also found a little pot or cooker and a pipe, a tub, and a jar, scattered around behind stumps and bushes. The corn was two or three inches high, and some of it had been covered by dirt from the hole where the barrel was buried.

A. B. Blankenship was planting corn in another field. The officers asked him if he knew of any stills around there and he said he did not. At the foot of the hill from his house near the road they found a half-gallon jar and two bottles of whisky covered with leaves and trash.

When the state rested, the defendant demurred to the evidence and moved the court to advise the jury to return a verdict of acquittal, for the reason the evidence is insufficient to sustain a conviction, which motion was overruled.

A. B. Blankenship testified that he was living on Frank Dowdy's place since January that year; that he had a part of it rented; that he never did manufacture whisky; and did not know anything about the mash or the whisky that was found by the officers; that he did not put it there and did not know it was there.

Arthur Dowdy testified that he lived at Kingston with his parents; that he had a crop on Frank Dowdy's place, including 10 acres of corn that he planted himself, and another crop on the prairie; that the barrel of mash found there was not there when he planted the corn, and he knew nothing about it; that he had not been there since he planted the corn; that he knew nothing about the mash and the whisky found by the officers.

Considering all the testimony in the case, it is apparent that the evidence is not sufficient to sustain the verdict. The circumstances proven tend to show that intoxicating liquors had been manufactured, but are not sufficient to show that these defendants had any knowledge of the same. The Washita river there is the boundary line between Marshall and Bryan counties. Designing offenders may, in order to protect themselves, have placed these articles on the Marshall county side of the river, and there are no circumstances tending to show that these defendants had any knowledge of the presence of these articles where found. It is a cardinal principle of our jurisprudence that the jury is the ultimate tribunal for the investigation and determination of questions of fact. Whether, however, the state fails to offer any material evidence tending to prove the offense charged, or whether the evidence offered tends to prove anything pertinent to the issue, it is a question of law for the court, and where there is an entire absence of evidence tending to identify the accused with the commission of the offense charged in the information, the court should direct a verdict of acquittal. Ward v. State, 15 Okla. Cr. 61, 175 Pac. 60.

It may be the accused committed the offense, but, if so, the state has failed to prove it. The judgment of the lower court is accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.