## HENRY SEVERNS v. STATE.

No. A-5079.   Opinion Filed July 28, 1925.

(238 Pac. 217.)

Coffey & Church, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error, Henry Severns, was convicted, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $500, and to be confined in the county jail for six months, on an information

charging that he did "have in his possession certain intoxicating liquor, to wit, 15 gallons of Choc beer and one quart of whisky; said Choc beer then and there containing more than one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage, with the unlawful intent to sell the same."

To reverse the judgment he appeals and assigns as error certain rulings of the court in admitting incompetent evidence, and that the verdict was contrary to law and is not sustained by sufficient evidence.

It appears that defendant lived at Park View, Sand Springs Road, in a 7 or 8 room house; that another family lived there; that on the night of the date alleged Sheriff Sanford and three deputies searched the defendant's home.

The sheriff and his three deputies testified that they searched defendant's home and found something more than a pint of whisky in a bottle in the room occupied by defendant's wife, and found a milk bottle half-full of Choc beer in the ice box on the rear porch, and also found a pitcher and some glasses that smelt of Choc beer; that they passed through the fence around the defendant's place, and in a shed behind a vacant house found an open keg containing about five gallons of Choc beer.

Against defendant's objections and exceptions two deputy sheriffs were permitted to testify that they were "acquainted with the reputation of defendant's place of being a place where intoxicating liquors are kept for the purpose of sale; that such reputation was bad."

H. R. Rowe, a chemist, testified that he made an analysis of a sample of Choc beer which was purported to have been taken by the officers from the residence of Henry Severns, and it was shown to contain 9.81 per cent. alcohol by volume.

At the close of the state's evidence there was a motion for a directed verdict, on the ground that the evidence was insufficient to connect him with the alleged offense, which motion was overruled.

The defendant testified that he and his wife occupied the house; Mr. Saddler and his wife had a room rented, and Mr. Saddler's brother had a room, and they were all there when the officers made the search; that he had bought a quart milk bottle full of Choc that evening, and about half of it was left in the ice box; that he did not know anything about the whisky found in the house, and that he knew nothing about the keg of Choc beer found by the officers outside the premises.

The general rule as to evidence of the general reputation of the premises in a trial for unlawful possession of intoxicating liquor is stated in Thompson v. State, 9 Okla. Cr. 525, 132 P. 695, as follows:

"Upon a trial under an information charging that the defendant did have the possession of intoxicating liquors with the intention of violating the provisions of the prohibitory (liquor) law, evidence of the general reputation of his home or barn is incompetent to prove the charge."

By numerous decisions of this court it is held that before evidence of general reputation of the premises will be held to be admissible in prosecutions of this kind, there must be specific evidence that the place itself was a place of public resort; not merely that it bore such reputation. Williams v. State, 24 Okla. Cr. 284, 220 P. 667. The evidence here complained of was therefore inadmissible, and was clearly prejudicial to the defendant.

To justify or sustain a conviction of having possession of intoxicating liquors with the intent to violate any provisions of the prohibitory liquor law, there must be evidence sufficient, not only to prove possession, but also to prove criminal intent.

When the verdict is manifestly contrary to the evidence, or the conviction is based on entirely insufficient evidence, the judgment of conviction will be reversed. Ward v. State, 15 Okla. Cr. 150, 175 P. 557.

For the errors indicated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.