## HENRY SEVERNS v. STATE.

No. A-5299. Opinion Filed Dec. 5, 1925.
(241 Pac. 204.)

W. L. Coffey and H. T. Church, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Tulsa county, July 24, 1923, "the said defendants did unlawfully have in their possession approximately 2 1-2 gallons of corn whisky, then and there containing more than one-half of 1 percent of alcohol, measured by volume, and capable of being used as a beverage, with the unlawful intent to sell the same." On the trial the jury returned a verdict finding "the defendants guilty as charged in the information and complaint," and assessing their penalty at a fine of $150, and by imprisonment in the county jail for a period of 90 days. From the judgment rendered on the verdict they appeal.

Of the errors assigned we deem it only necessary to consider the one that the verdict is not sustained by sufficient evidence, and is contrary to law.

C. F. Buzzi testified that he was a federal enforcement officer for Oklahoma; that he procured a search warrant from the commissioner of the court, and with two other officers searched a little shack by the side of the Sand Springs road, and found Mr. Severns, Mr. Saddler and some other fellow there; that in the front room was a counter, an ice box, and tobacco on the shelves, and in the back room was a table and a 15-gallon jar that had lysol and water in it and a broken pitcher; that Mr. Evans found a half-gallon jug outside the fence that contained whisky.

Bob Atkins testified that he was with Mr. Buzzi and Mr. Riehl. He further testified as follows:

"Q. What did you find, if anything, Mr. Atkins? A. Why, I didn't find anything except this lysol, you might say. They all decided that what they threw the whisky in. (Motion to strike sustained.)

"Q. At this time did you know what the general reputation of this place was as to whether or not it was a place where intoxicating liquor was kept and sold in violation of the law? (Objection sustained.)

"Q. I mean in that community, in that vicinity? (Objection overruled.) A. It was bad.

"Mr. Coffey: We move to strike the answer.

"The Court: Overruled.

"Witness: Well, I should judge from what we found around there.

"The Court: I think his answer is competent. You may state, Mr. Atkins, if you know what the reputation of that place was at that time as being a place where intoxicating liquor was kept, sold, given away, and otherwise furnished. In that community, the reputation of that place at that time. A. Well, I don't know just how to answer that

question. I didn't get the search warrant; I didn't get this information.

"Q. You don't know what that reputation was? A. No."

J. H. Riehl testified that he was a federal prohibition officer, and was with Mr. Buzzi; that the defendant Saddler seemed to be in charge of the place, and the defendant Severns was there with him; that he saved a sample of the contents of the slop jar, and had it analyzed; that he was with Morris Evans when he found the whisky outside the fence, 30 or 40 steps from the place, and a few steps from the river; that there was a tent near by and several other little buildings right along in close proximity to this building; that he knew the reputation of the place as to being a place where intoxicating liquors were kept, sold, given away, and otherwise disposed of, and that it was bad. The jug and its contents were offered in evidence. The court sustained the defendant's objections as not properly identified.

At the close of the state's case, the defendant moved the court for a directed verdict in the form of a demurrer to the evidence, and the same was overruled.

To warrant or sustain a conviction of having possession of intoxicating liquor with the intent to violate provisions of the prohibitory liquor law, there must be evidence sufficient not only to prove possession, but also to prove the criminal intent. When the verdict is manifestly contrary to the evidence, or the conviction is based on entirely insufficient evidence, the judgment of conviction will be reversed. Ward v. State, 15 Okla. Cr. 61, 175 P. 60; Williams v. State, 25 Okla. Cr. 284, 220 P. 667.

The proof on the part of the state shows that the half-gallon jug containing whisky was not found on the premises of the defendants, and no liquor was found on the premises or within the house where the defendants were arrest-

ed, except a jar supposed to contain lysol, and which was not capable of being used as a beverage.

In our opinion, the testimony on the part of the state, as a matter of law, must be held insufficient upon which to base a judgment of conviction.

The judgment of the lower court is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.