GEORGE PARNELL v. STATE.

No. A-5900.   Opinion Filed Aug. 12, 1927.
(259 Pac. 151.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant, George Parnell, was convicted of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to pay a fine of $100 and be imprisoned in the county jail for 6 months. To reverse the judgment he appeals and assigns as error certain rulings of the court in admitting incompetent and prejudicial evidence and that the verdict was contrary to law and is not sustained by sufficient evidence.

It appears that on or about the 29th day of November, 1924, appellant lived in Holdenville, in the negro part of town, just west of the Frisco tracks, his house facing said railroad right of way, and between his house and the railroad there was a ditch 4 or 5 feet deep. On the date above mentioned two deputy sheriffs found 2½ gallons of whisky between the ties of the railway, about 40 feet in front of appellant's premises. They arrested appellant, and one of them testified that appellant admitted that it was his whisky; the other testified that he did not hear appellant make that statement.

Against appellant's objections and exception two of the state's witnesses were permitted to testify that they knew the reputation of the appellant's place as being a place where intoxicating liquors are sold, and that reputation was bad.

The general rule as to evidence of the general reputation of the premises in a trial for unlawful possession of intoxicating liquor is stated in Thompson v. State, 9 Okla. Cr. 525, 132 P. 695, as follows:

"Upon a trial under an information charging that the defendant did have possession of intoxicating liquors with the intention of violating provisions of the prohibitory [liquor] law, evidence of the general reputation of his home or barn is incompetent to prove the charge."

By numerous decisions of this court it is held that before evidence of general reputation of the premises will

be held to be admisible in prosecutions of this kind, there must be specific evidence that the place itself was a place of public resort, not merely that it bore such reputation. Williams v. State, 25 Okla. Cr. 284, 220 P. 667.

In Severns v. State, 31 Okla. Cr. 281, 238 P. 217, it is held that:

"In a prosecution for unlawful possession of intoxicating liquors, evidence of the general reputation of defendant's home as a place where intoxicating liquors are kept for sale is incompetent to prove the charge."

The evidence here complained of was inadmissible and was obviously prejudicial.

To justify or sustain a conviction for having possession of intoxicating liquor with intent to violate provisions of the prohibitory liquor laws, there must be evidence sufficient to prove the possession of the same.

Where the verdict is manifestly contrary to the evidence, or the conviction is based upon entirely insufficient evidence, the judgment of conviction will be reversed.

It follows from what has been said that the court erred in overruling the motion for a directed verdict of acquittal.

For the errors indicated, the judgment of the lower court is reversed.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.