## WALTER BAKER v. STATE.

No. A-5865.    Opinion Filed Aug. 20, 1927.
(259 Pac. 158.)

Disney & Wheeler, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.    Appellant, Walter Baker, was tried and convicted on an information charging that in Tulsa county, February 2, 1924, he did have in his possession one quart of whisky with the unlawful intent to sell the same.    The jury failed to agree upon the punishment.

Motion for new trial was duly filed and denied. Thereupon the court sentenced him to pay a fine of $150 and to be confined in jail for 60 days.    To reverse the judgment he appeals and assigns 14 errors.

R. D. Sanford, sheriff, tetstified that with deputies Mayfield and Larkin and two army officers he visited defendant's home and in executing a search warrant found in one of the living rooms a milk bottle about two-thirds full of whisky; that the other officers found a big copper still in the cellar; that he could not find the search war-

rant; that there was no record of the affidavit, search warrant or return thereon.

Over the defendant's objections, he was asked if he knew the general reputation of the defendant's residence as to whether or not it was a place where intoxicating liquors were kept, sold, and stored, and he answered, "Yes," and that reputation was bad.

Earl Logan, clerk of the court of common pleas, testified that on or about that date a search warrant issued out of the common pleas court to search the premises of Walter Baker, and that the same was lost in the district court in a civil proceeding.

Defendant moved to strike the testimony as incompetent and not the best evidence, which was overruled.

The testimony of the witnesses Mayfield and Larkin was substantially that given by the sheriff.

At the close of the state's evidence there was a motion to strike and a motion for a directed verdict of acquittal, which motions were overruled.

As a witness in his own behalf, the defendant testified that he built his home in 1923, and with his wife lived there about a month, then rented the place to Mr. Renfro; that the lease was made in Judge Warren's office, and he received at that time $125 on the rent; that they reserved one room to keep their clothes in; that he had been visiting his folks at Bixby and Muskogee and with his wife returned the day before the officers raided the place; that he knew nothing about what the officers found in the basement, that his wife was sick at the time, and Dr. Flannagan, her physician, was there when the officers appeared.

The testimony of Mrs. Baker, wife of the defendant, was substantially the same as that given by her husband.

Judge Shaffer, partner of Judge Warren, identified the lease as having been executed in their office.

In a prosecution for unlawful possession of intoxicating liquors, evidence of general reputation of the defendant's home as a place where intoxicating liquors are kept for sale is incompetent to prove the charge. Thompson v. State, 9 Okla. Cr. 525, 132 P. 695; Severns v. State, 31 Okla. Cr. 281, 238 P. 217.

The evidence here complained of therefore was inadmissible and obviously prejudicial. Possession of less than one quart of whisky in a person's home is not presumptive evidence of an intention to violate provisions of the prohibitory liquor law, and for this reason we believe the evidence was insufficient to sustain the conviction.

We deem it unnecessary to consider other errors assigned, which are apparently well founded.

For the reason stated, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.