## FLOYD MILLER et al. v. STATE.

No. A-6161.   Opinion Filed Dec. 8, 1928.
(272 Pac. 387.)

Wm. H. Lewis, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiffs in error, hereinafter called the defendants, were convicted in the county court of Oklahoma county, upon a charge of having possession of intoxicating liquor with the unlawful intent to sell, barter, give away, and otherwise furnish the same to others, and each sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days.   From the judgment and sentence the defendants perfected an appeal to this court.

The testimony on behalf of the state in substance is as follows:   C. W. Abbott stated that he knew the defendants; that he saw them on the 26th day of August, 1925, at the intersection of Avenue G and Pennsylvania,

at a cold drink stand on the south side of Avenue G; other officers were with him. Question by Mr. Lewis:

"You went out to search this pop place? A. In the public highway just north of this stand we found this whisky. The pop stand is on the south side of Avenue G., and we found the whisky on the north side about seventy-five or more feet away from the cold drink stand."

Witness was then asked the following question:

"Do you know the general reputation of this place located at the intersection of Avenue G and Pennsylvania Avenue, Oklahoma City, Oklahoma County, Oklahoma, on the 26th day of August, 1925, as to being a place where whisky was kept, bartered, sold, given away or otherwise furnished to divers persons unknown?"

This question was objected to by the defendants as incompetent, irrelevant, and immaterial, and highly prejudicial. The objection was overruled, and defendants duly excepted. The witness was then permitted to state that the reputation of the place was bad.

Witness was then asked the following question:

"Do you know the general reputation of the place mentioned in the previous question as being a place where people were permitted to congregate and resort for the purpose of buying, receiving and drinking intoxicating liquor?"

This question was objected to by the defendants as incompetent, irrelevant, and immaterial, and highly prejudicial. Objection overruled. Defendants saved an exception. Witness was permitted to answer the question, and stated the reputation of the place was bad.

The testimony further shows that the cold drink stand where one of the defendants lived was on the south side of Avenue G; that the avenue was paved, and the place where they claim to have found the whisky was on the north side of the pavement about 75 feet or more

from the defendants' cold drink stand. Witness further, on cross-examination, testified that he had never seen either of the defendants go to the place where they claim the officers found the whisky mentioned in the testimony, and that he did not see either of the defendants in possession of any of the whisky.

H. O. Brewer testified in substance to the same facts as did witness Abbott, and Brewer was asked the same question as to the reputation of the place and was permitted to answer the same, over the objection of the defendants. Witness upon cross-examination testified that he did not see any path from the north side of the pavement on the north side of the road; that it was on a shoulder of the pavement, and the autos ran over it. On redirect examination witness was asked this question by Mr. Harrod:

"Q. He asked you if you knew who this whisky belonged to. I will ask you if you were convinced beyond a reasonable doubt on the raid you made there and the searches made there who it belonged to?" (Objected to as incompetent, irrelevant, and immaterial. No ruling.) A. I would judge it belonged to Miller."

G. W. Johnson, a witness for the state, testified as to being present, and was permitted to answer, over the objection of the defendants, as to the reputation of the place. On cross-examination he stated he knew nothing about the defendants selling whisky. If they had sold any, had never seen any one in and about the place, never did search the pop stand before this date. He testified the officers had a search warrant, but he could not tell what court had issued it, nor what place it commanded the officers to search.

W. V. Brown, a witness for the state, testified in substance the same as the other witnesses, and was asked about the reputation of the place, and was permitted to

answer, over the objections of the defendants, stating the reputation of the place was bad.

The defendant Medley took the stand in his own behalf, and denied any knowledge of any whisky, and denied any ownership in the whisky claimed to have been found, and denied he had ever sold any whisky or kept any for the purpose of selling, bartering, or giving away the same; that he was a soldier in the World War and had contracted tuberculosis, and had bought this pop stand to make a little money and to be where he could live out in the open. He stated that defendant Miller had no interest whatever in the pop stand and was only there visiting with him. Medley admitted that at one time he had paid a fine for being intoxicated.

This is, in substance, the testimony in the case.

There are twelve errors alleged to have been committed by the trial court, all of which go to the error of the court in overruling the motion of the defendants for a new trial, and to the admission of the evidence as to the search of defendant's pop stand and building where he lived, and the overruling of the demurrer to the state's evidence.

The testimony on behalf of the state shows that the defendant Medley was running the pop stand where he sold cold drinks and had a place in the stand where he slept; that this stand was located on the south side of Avenue G; that the officers went to defendants' place of business and searched the same; they claim to have had a search warrant; neither of them could state from what court it was issued, and it was not shown they had complied with the law and served the defendant Medley or Miller with a copy of the warrant, or, failing to find any one in possession of the building, had posted a copy of the same on the building or near it. They do not claim to have found any whisky in the place of business

of the defendant Medley, but claim that on the north side of the pavement, and 75 feet or more from the defendant's cold drink stand, under some old tins they found a quantity of whisky and wine. Neither of the officers claim to have seen either of the defendants near where the whisky is alleged to have been found. This was a public thoroughfare where people frequently pass, and defendant Medley was depending for his trade on those who stopped at the stand to buy cold drinks, and Medley claimed that Miller had nothing to do with the stand, owned no interest in it, and was there visiting him.

The state failed to introduce any testimony whatever against Miller showing that he was interested in the cold drink stand, or that he had ever had possession of any whisky or wine alleged to have been found, or that he participated in any way whatever in the management, ownership, or control of the cold drink stand, admitted by defendant Medley to have been his. There is no testimony whatever to show active or constructive possession of the liquor alleged to have been found. Where the state relies upon circumstantial evidence for a conviction, the guilt of the defendant must be proved beyond a reasonable doubt, and all facts that are necessary to be established must be consistent with each other and with the main facts sought to be proved, and the circumstances together must be of a conclusive nature. It is not sufficient that the circumstances coincide with, account for, and therefore render probable, the guilt of the defendants. They must exclude to a moral certainty every other reasonable hypothesis than that of the guilt of the defendants.

The only circumstances in this case pointing to the guilt of the defendants are the proximity of the liquor to the residence and cold drink stand of defendant Medley. This amounts to a strong suspicion that defendant Medley was implicated, but was insufficient to establish

the guilt beyond a reasonable doubt. The whisky might have been placed where it was found by some other persons where it was accessible when they desired to get it. It is contended that the court erred in admitting evidence of the general reputation of the place of defendant Medley, as being a place where intoxicating liquor was kept for the purpose of being bartered, sold, given away, or otherwise furnished, for the reason that there was no proper predicate laid for the testimony. Before evidence of the general reputation of his place can be legally admitted, it must be proven that the place itself was a place of public resort, and not merely that it bore such a reputation. The defendants' place was a cold drink stand, where purchasers would stop for the purpose of buying cold drinks. There is no evidence that either of the defendants had in any way whatever been connected with the buying, selling, or furnishing of intoxicating liquor at his place.

In Yakum v. State, 30 Okla. Cr. 184, 235 P. 253, this court said:

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession, * * * it must be shown that the place itself was a place of public resort, not merely that it bore such reputation."

To justify or sustain a conviction for having intoxicating liquor with intent to violate any provision of the prohibition laws, there must be evidence sufficient not only to prove possession but also to prove criminal intent. Fitzgerald v. State, 39 Okla. Cr. 320, 264 P. 929.

The record fails to disclose any testimony connecting defendants with the possession of the whisky alleged to have been found on the north side of the avenue, on a vacant lot opposite defendant Medley's place. The fact that some empty bottles were found in or along the street near defendant's place is not sufficient testimony

to sustain a conviction of possession of intoxicating liquor with intent to barter, sell, give away, or otherwise dispose of the same. The demurrer to the testimony of the state was well taken and should have been sustained. The court erred in permitting the state to introduce testimony, over the objection of the defendants, as to the general reputation of his place without a proper predicate being laid by the state showing that the defendants' place was a place of public resort.

There are other errors assigned, but, in the view we take of this record, we do not deem it necessary to discuss them.

For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.