## VIC LONG v. STATE.

No. A-9135. April 23, 1937.
(67 Pac. [2d] 980.)

Mike Foster, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and S. T. Roberson, Co. Atty., for the State.

BAREFOOT, J. This is a companion case of that of H. J. McCarron v. State, 61 Okla. Cr. 264, 67 Pac. (2d) 461, decided by this court on the 16th day of April, 1937.

The defendants were tried jointly, but have lodged separate appeals in this court. The defendant was convicted and sentenced to serve three years in the penitentiary. The evidence is fully set out in the McCarron Case, and the errors reviewed in that case, with the exception of the contention of the defendant that the court erred in permitting prejudicial and grossly unfair conduct on the part of the county attorney, against this defendant, during the progress of the trial. This error is based upon the cross-examination of certain witnesses offered by the defendant to establish his good character and reputation. The county attorney was permitted to ask these witnesses, on cross-examination, whether they had not heard of the defendant having a case pending against him for cattle stealing in Kingfisher county, and permitting the county attorney to argue this evidence to the jury in his closing argument. One of the witnesses, in answer to this question, said that he had heard of such a charge.

At first glance it might seem that the contention of the defendant was correct, but an examination of the authorities reveals that the overwhelming weight of the adjudicated cases is to the effect that such questions are competent on cross-examination, to test the credibility of the witness, and for the purpose of determining the weight and value to be given to his testimony in chief. It is admissible, not for the purpose of establishing the truth of

such reports, but only to establish the credibility of the witness and to determine the weight of his evidence.

This court, in the early case of Stouse et al. v. State, 6 Okla. Cr. 415, 119 Pac. 271, 275, lays down the doctrine:

"As the general reputation of any person is established by the opinions of witnesses as to the general estimation of his character, it is permissible upon cross-examination of a character witness to show the sources of his information and particular facts may be called to his attention, and he may be asked if he ever heard of them. This is permissible, not for the purpose of establishing the truth of these facts, but to test the credibility of the witness, and to ascertain what weight or value is to be given to his testimony."

This same doctrine has been upheld in other cases from this court. See Hugh Pope v. State, 15 Okla. Cr. 162, 175 Pac. 727; Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242; Jones v. State, 17 Okla. Cr. 561, 190 Pac. 887.

In 14 L. R. A. (N.S.) 739, appears an annotated note which gives an extensive discussion on this identical proposition and cites the authorities from many states. In this note the editor says:

"It is manifestly an important question, when character is in issue in a litigation, whether the witness who testifies to the good or evil character of a person is worthy of credit. In testing the credibility of such witness, the same means are resorted to as are employed to determine how far a witness who testified to any other fact of similar relation to the issue on trial is to be believed. His sincerity, his disinterestedness or bias, the extent of his knowledge or information, his acquaintance with the speech of the people of the community in which the person characterized resides, and the opportunities he has had for acquiring accurate information on the subject, are

all matters legitimately open to inquiry. If this is steadily kept in mind, much that appears at first sight to be puzzling and contradictory in the decisions and judicial dicta will become plain and harmonious." See State v. Crow, 107 Mo. 341, 17 S. W. 745; Holloway v. State, 45 Tex. Cr. Rep. 303, 77 S. W. 14; McCormick v. State, 66 Neb. 337, 92 N. W. 606; People v. Moran, 144 Cal. 48, 77 Pac. 777.

In the closing argument of the county attorney, objection was made by defendant to his arguing of this evidence to the jury. If the evidence was admissible, and we have so held, the county attorney had the right in his closing argument to refer to the same. The court properly advised the jury as follows:

"The only reason the court permitted the reference to the charge of an offense other than the one on trial, was for the purpose of testing the knowledge and belief of the witness who was being cross examined, as to the knowledge or information he had relative to the reputation of the defendant, Vic Long, and it should be considered by you for no other reason and for no other purpose."

We have carefully examined the record in this case. The jury, after hearing the witnesses, evidently came to the conclusion that the defendant participated in the commission of the larceny of these cattle.

The defendant had a fair and impartial trial. We are of the opinion that the judgment of the district court of Canadian county should be affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.