HERMAN ALLEN v. STATE.

No. A-9757.   May 21, 1941.
(113 P. 2d 835.)

Robert W. Hoyland, of Guthrie, for defendant.

Mac Q. Williamson, Atty. Gen., and Hugh J. Adams, Co. Atty., of Guthrie, for the State.

BAREFOOT, P. J.   Defendant Herman Allen was charged in the county court of Logan county with the crime of unlawful possession of intoxicating liquor, to wit: seven and one-half pints of whisky; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

It is first contended that the court erred in admitting, over the objections of defendant, incompetent, irrelevant, immaterial and prejudicial evidence.   This contention is based upon evidence of certain witnesses offered by the state who were neighbors and lived in the vicinity of the defendant's residence.   They testified that defendant's residence had the general reputation of being a place of public resort and the reputation of being a place where intoxicating liquors were sold.

The general rule that has heretofore been announced by this court, that evidence of the general reputation of defendant's home as being a place where intoxicating liquors are sold, is admissible, only upon the laying of a

proper predicate showing the home was a place of general or public resort. In the instant case, this is exactly what the evidence revealed. The witnesses lived in close proximity to the residence of defendant. They testified that they had observed a large number of people going to and from the premises at all times of the day and night. That they had seen a large number of cars parked there on many occasions, and that people had been seen coming from there in an intoxicated condition. One of the neighbors testified to people coming to her home and asking the way to defendant's home and making inquiry for whisky. Among the witnesses produced by the state was Rev. J. Harvey Mitchell, pastor of the Tabor Baptist Church, who testified that he had observed people in large numbers going to and from these premises at all hours of the day and night and had seen as high as seven automobiles at one time, and that the place had the general reputation of being a place where intoxicating liquors were sold.

Several witnesses for defendant testified that the defendant was a hard working man and was working regularly on W. P. A. projects, and that his general reputation was good. The defendant testified that he had served many years in the United States Army and had been injured and gassed while in France, and that the liquor found on his premises was to be used for himself and to give to his friends, and that he had never sold liquor to anyone. He also testified it was necessary for him to drink liquor on account of his nervous condition.

The evidence on the part of the state revealed that the officers searched the home of the defendant in the city of Guthrie on the 22nd day of May, 1939, and found therein seven and one-half pints of whisky. This whisky was concealed in different rooms in the house. There were three different plants behind the sills in the bedrooms.

They had been specially constructed and had hinges on them so that they could not be detected or opened unless one knew how to do so. Defendant admitted that he had constructed these plants and that they were constructed to place liquor therein, but claimed it was for his own use. He at first told the officers there was no whisky there, and when they found it, his explanation was that it was up to them to find it. He told the sheriff of Logan county as follows:

"A. He told me later that he wanted to see Mr. Hoyland, said he was working on WPA and was going to have to make arrangements to get out on bond. I said something to him about that making a pretty good contact for him in his business, working on the WPA, and he said, 'No, I don't sell them. I sell to quite a few white people.' He said in some cases where it was fellows he owed he traded it out with them."

In the case of Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619, the facts were somewhat similar to the facts in this case. In the second syllabus the court says:

"When evidence is first offered by the state to establish the fact that one's private residence is being used as a place of storage of intoxicating liquor for the purpose of sale, or is being used as a place of public resort, it is then permissible for the state to introduce evidence to show the general reputation of the premises, where the owner thereof is charged with the unlawful possession of intoxicating liquor."

The earlier cases establishing this rule are cited and quoted from. It is unnecessary to repeat them.

It is further contended that this case should be reversed because of the cross-examination of defendant's witnesses by the county attorney. These witnesses were placed upon the stand as character witnesses and were asked by the county attorney if they had heard about de-

fendant's conviction for assault and battery in police court; if they had ever heard of the story of the trouble in 1930 when he was charged with obtaining money under false pretenses; and when he was in trouble in Tulsa in 1922 for grand larceny.

The defendant, when on the stand in his own behalf, testified to having been fined $20 in the police court with reference to possession of whisky. There was also some evidence with reference to the charge of obtaining money under false pretenses. The question of permitting the county attorney to cross-examine witnesses of defendant who had testified to his good character and reputation is discussed, and the cases from this state and other jurisdictions are cited in the case of Long v. State, 61 Okla. Cr. 274, 67 P. 2d 980. It is there stated:

"It is permissible, on cross-examination of a witness who has testified to the good character of a defendant, to show the sources of his information, and particular facts may be called to his attention, and he may be asked if he ever heard of them. This is especially true as to offenses of the same character with which he stands charged. This is permissible, not for the purpose of establishing the truth of such facts, but to test the credibility of the witness, and to ascertain what weight or value is to be given to his testimony."

In the case of Jackson v. State, 67 Okla. Cr. 422, 94 P. 2d 851, it is stated:

"When a defendant takes the witness stand he is subject to cross examination by the same rules that govern other witnesses. If asked if he did not make some specific statement to a certain individual and he denies it, the state should, if available, produce the party to whom the statement was made. In the absence of bad faith this is not necessarily reversible error."

From an examination of the record in this case, it will be noted that there was a direct conflict in the evi-

dence as to the character and reputation of defendant. The defendant's record as a soldier is to be commended, but his violation of the law cannot be upheld.

For the reasons above stated, the judgment of the county court of Logan county is affirmed.

JONES, J., concurs.   DOYLE, J., absent.