# HORACE LYONS v. STATE.

No. A-10151.   Feb. 3, 1943.
(133 P. 2d 898.)

42

Newman & Phillips, of Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Bill Steger, Co. Atty., and Alan McPheron, Asst. Co. Atty., both of Durant, for defendant in error.

BAREFOOT, J. Defendant Horace Lyons was charged in the district court of Bryan county with the crime of murder, was tried, convicted of manslaughter in the first degree, and sentenced to serve a term of 20 years in the State Penitentiary. From this judgment and sentence, he has appealed.

Defendant in his brief says:

"The alleged errors can be combined and treated under practically one heading, as follows: That the evidence is not sufficient to sustain the conviction."

It will be so considered.

Defendant first contends that the court erred in overruling a motion for continuance by reason of the absence of two witnesses.

The record reveals that this motion for continuance was filed in the office of the court clerk on the 31st day of March, 1941. There is nothing in the record to show that the motion was ever presented to the trial court, or that any action was taken thereon by the court. It was filed on the very day the case was set for trial. When the case was called, counsel for defendant made no announcement to the court that he was not ready for trial. After the jury was impaneled, court was adjourned until 1:30 in the afternoon. We have examined the motion

for continuance. The absent witnesses were not in the state, and no showing was made that they could be present at any future trial of the case. They were not eye-witnesses to the killing, and the evidence as set out in the record was cumulative, and part of it inadmissible, had they been present. No subpoenas were attached to the motion to show that either of the witnesses had been served or that a subpoena had been issued for them. In fact, no showing of any kind was made on the motion. Under these facts we find that the defendant was not deprived of any substantial right by reason of the absence of these witnesses.

It is next contended that the court erred in permitting to be introduced in evidence the testimony of M. C. Murray, who was sick and could not be present at the trial. This witness was the justice of the peace at Colbert, in Bryan county, where the killing occurred. The contention of the defendant seems to be based upon the fact that the record does not disclose that this evidence was taken at any previous trial, or in fact does not show that it was taken by any court, and that it only shows to be an isolated statement by the witness.

The record as a whole does not bear out this contention. The case-made is not as full and complete as it might be, but a careful examination of it reveals that there had been a first trial of this case on October 21, 1940. The result of that trial does not appear in the record, but there are sufficient facts to show that a trial was had, and that there was for some reason a mistrial. The evidence shows that the attorneys who represented the defendant in the present case were present and that they cross-examined this witness thoroughly. It also reveals that a doctor's certificate was presented, showing that the witness was sick and unable to attend court.

This court has repeatedly held that where a witness is sick, his testimony taken at a former trial may be read to the jury. Alexander v. State, 51 Okla. Cr. 1, 299 P. 237; Sweet v. State, 70 Okla. Cr. 443, 107 P. 817, and other cases cited. We are clearly of the opinion that upon the proof offered, no error was committed by permitting the testimony of the witness Murray, taken at the former trial, to be read to the jury.

It is also contended that there was error by reason of certain questions propounded by the county attorney to witnesses produced by the defendant to prove his good character.

After these witnesses had testified to the good character of the defendant, they were asked on cross-examination by the county attorney if they knew the defendant had been previously charged with attempt to rape a young negro girl. The record reveals that defendant was so charged, and that the case was dismissed by the county attorney by reason of the youth of the defendant.

When a defendant places his character in issue, the state has the right to thoroughly cross-examine him and the witnesses offered in his behalf. This right has often been upheld by this court. Long v. State, 61 Okla. Cr. 274, 67 P. 2d 980; Allen v. State, 72 Okla. Cr. 102, 113 P. 2d 835; Stouse v. State, 6 Okla. Cr. 415, 119 P. 2d 271.

We cannot agree with defendant's contention that the evidence in this case is insufficient to sustain the judgment and sentence. We have carefully read the record, and while there was no eye-witness to the shooting, the evidence reveals that defendant was married and lived with his wife in the small town of Colbert, in Bryan county. The killing of her by defendant on March 20, 1940, was the outgrowth of jealousy on his part. He

attempted to show that another party had broken up his home, and had been intimate with his wife, and this had caused temporary insanity. This was his defense.

The evidence of misconduct on the part of the wife is very meager, as shown by the testimony of all the witnesses, both for the defense and for the state; and defendant's contention with reference to being temporarily insane at the time of the killing was not such as would appeal to a jury, and it evidently did not do so.

Defendant armed himself on the day of the killing and started in search of the party who he thought had broken up his home. He went to the schoolhouse where the party worked, and made inquiry for him. He then went to his own home, and shot his wife to death. His statement that she attempted to stab him with an ice pick, and that he started shooting evidently was not believed by the jury. After he had killed his wife by shooting her four times with a pistol, he inquired of the justice of the peace what would happen to him if he killed the other party. He then admitted that he had just killed his wife.

We have carefully examined the instructions. No exceptions were taken by the defendant to any of the instructions given. The court instructed the jury upon the crime of murder, and the included offense of manslaughter in the first degree. He also presented the issue of self-defense and temporary insanity, although the proof of temporary insanity was very meager.

From a careful examination of the evidence, we find no error, and the judgment of the district court of Bryan county is therefore affirmed.

JONES, P. J., concurs. DOYLE, J., absent.