## CLARK v. STATE.
### No. A-11982.

Criminal Court of Appeals of Oklahoma.
May 19, 1954.

1104

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by the defendant Brownie Clark in the County Court of Pontotoc County for the unlawful possession of intoxicating liquor.

The proof of the State showed that three deputy sheriffs and a constable, armed with a search warrant, made a search of the home of defendant, and in a clothes closet the constable found a pint bottle about three-fourths full of whiskey.

Several assignments of error are presented in the brief of defendant. (1) The court erred in overruling the motion to suppress evidence because of an insufficient description in the warrant. (2) The court erred in admitting evidence that defendant's place had the reputation of being a place of public resort and further erred in admitting evidence that it had a reputation of being a place where liquor was sold. (3) The trial court erred in giving instruction number six.

As regards the first proposition, the search warrant described the property to be searched as a certain building on Townsend Street "on the east side of said Townsend Street facing west and being a one-story building, and being the third house south from the north end of Townsend Street, etc." The evidence was undisputed that defendant's house was the fifth house south from the north end of the street but was the third house south of the north end of the street on the east side of said street facing west. There is some ambiguity in this description, but the trial court ruled that the description referred to the third house south from the north end of the street on the east side of the street and that therefore this description, together with other descriptive averments in the warrant giving the size and shape of the house was sufficient to authorize a search of defendant's premises. The other descriptive averments in the warrant were "a six-room house with a brick siding, 'L' shaped, with shingles except for about ten feet of green roofing at a spot near the middle of said roof." We concur in the conclusion reached by the trial court that the addition of the particular descriptive matters was sufficient to advise the officers which place was to be searched. If it had not been for the additional descriptive averments, we think the ambiguity in the first part of the warrant would have rendered it fatally defective, but with the additional descriptive words, the first part of the warrant, pertaining to the location of the building, is clarified.

At the trial the officers testified that defendant's home had the reputation of being a place of public resort. In some instances this testimony was given over objection of counsel for the accused and in some instances no objection was interposed to such testimony. On one occasion, the witness Latta testified as follows:

"Q. You know whether or not the place is a public resort? A. That's right."

Counsel for the State contended that this testimony of the witness Latta was sufficient to establish that the place was a place of public resort.

Here only a very small quantity of whiskey was found, not enough to make a prima facie case of an intent to violate the prohibitory liquor law. 37 O.S.1951 § 82.

This court has held that where a proper predicate is laid by evidence of facts establishing that a place where intoxicating liquor is found is a place of public resort, then testimony may be properly admitted that such place has a reputation of being a place where intoxicating liquor is sold. Williams v. State, 25 Okl. Cr. 284, 220 P. 667; Eastbridge v. State, 57 Okl.Cr. 323, 48 P.2d 869; Lotta v. State, 30 Okl.Cr. 105, 235 P. 245; Buckley v. State, 69 Okl.Cr. 285, 102 P.2d 619; Thomas v. State, 70 Okl.Cr. 404, 106 P.2d 836.

In the early case of Williams v. State, supra, this court laid down the rules which have been consistently followed in determining these questions as follows:

"Ordinarily, upon a trial under an information charging that the defend-

ant had possession of intoxicating liquors with the intention of violating the prohibitory liquor law, evidence of the general reputation of defendant's home as a place where intoxicating liquors are kept for sale is incompetent to prove the charge.

"Where evidence discloses the possession of intoxicating liquor in a place of public resort, fitted up with all the fixtures and appurtenances of a liquor saloon, the general reputation of such place as a place where intoxicating liquors are kept for sale is admissible on the question of criminal intent, where the crime charged is the unlawful possession of intoxicating liquor with intent to sell the same.

"Proof that defendant's home had the general reputation of being a place of public resort is not a sufficient predicate to authorize the admission of evidence of the general reputation of such place as a place where intoxicating liquor is kept for sale."

In the body of the opinion, this court stated:

" 'If the proof shows that possession of such liquor was in a place of public resort, why should not the reputation of such a place be admissible * * * on the question of intent to sell? This court has unequivocally held that the reputation of the place of keeping may be proved, where the offense charged is maintaining a place for the purpose of sale. We see no good reason for admitting such evidence in that class of cases, and in excluding it in this class, where the facts show possession in a place of public resort.'

"Thus it will be seen that evidence of the general reputation of the premises as a place where liquors are sold is ordinarily not admissible in a prosecution for the unlawful possession of intoxicating liquor with intent to sell. * * * Before evidence of general reputation of the premises will be held to be admissible in prosecutions of this kind there must be specific evidence that the place itself was a place of public resort, not simply that it bore such reputation."

■ Many cases hold that the predicate to be laid for the purpose of introducing evidence as to the general reputation of the premises as a place where intoxicating liquors are sold must be by facts, not conclusions, of the witness, and cannot be established by a showing that the place itself bore the reputation of being a place of public resort. Yakum v. State, 30 Okl. Cr. 184, 235 P. 253; Miller v. State, 41 Okl.Cr. 244, 272 P. 387; Strong v. State, 63 Okl.Cr. 184, 73 P.2d 876; Buckley v. State, 69 Okl.Cr. 285, 102 P.2d 619.

■ We think the evidence of the reputation of defendant's place as being a place where intoxicating liquor is kept for sale was inadmissible in this case for the reason that no proper predicate was laid. The statement of the witness Latta that the place was a place of public resort was a conclusion of the witness. If defendant's place was one to which the public generally resorted, it could have been established by a witness relating the facts. The testimony of the witnesses as to the reputation of the place as being a place of public resort was inadmissible under all of the decisions of this court. Here the evidence established only the possession of a very small quantity of whiskey. Defendant and his wife both testified that they had never been arrested before in their lives and that they were not engaged in the whiskey business. Defendant had just lost four fingers from having caught them in a hay baler, while working on an adjoining farm. There was no testimony showing that the public generally would visit defendant's place at all hours or that the home was fitted up for drinking purposes or that there were any vessels or other physical objects ordinarily found around premises where intoxicating liquors are being consumed or kept for sale to the public.

We cannot sustain defendant in his contention that the sixth instruction given by the court was an incorrect statement of the law. The erroneous addition of the words "or otherwise dispose of" in the

first part of the instruction is completely clarified in the latter part of the instruction and in instruction number seven, and we do not believe that the jury was misled by these words being inserted in the first paragraph of said instruction.

The judgment and sentence of the County Court of Pontotoc County is reversed and the cause is remanded for further proceedings.

POWELL, P. J., and BRETT, J., concur.