SKAGGS v. STATE.

No. A-11997.

Criminal Court of Appeals of Oklahoma.

July 21, 1954.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Alma Skaggs, defendant below, was charged with the offense of unlawful possession of intoxicating liquors in Ada, Pontotoc county, Oklahoma. The offense was alleged to have been committed on March 28, 1953 in violation of Title 37, O.S. 1951 § 82. She was tried and convicted by a jury, her punishment fixed at 6 months in the county jail and a $150 fine; judgment and sentence was entered accordingly and made to run concurrently with the judgment and sentence in another 'conviction, same being State of Oklahoma v. Alma Skaggs, case No. 5575, Pontotoc county, and being herein Skaggs v. State, No. A–11,983, Okl.Cr., 273 P.2d 783. From the said judgment and sentence this appeal has been perfected.

Defendant's first contention is that the trial court erred in giving its instruction No. 6 including therein the phrase "or

otherwise dispose of the same". This contention is substantially the same as that involved in the case Skaggs v. State, No. A–11,983, Okl.Cr., 273 P.2d 783, wherein it was held in substance that the use of the phrase could not be prejudicial since the intent to unlawfully dispose of the liquor herein involved was made apparent by the purchase of a federal Retail Liquor Dealer's license by Alma Skaggs covering the period of time herein involved, and for the further reason no attempt was made to explain the possession of more than one quart of intoxicating liquor for her personal use. See in this connection Fowler v. State, Okl. Cr., 257 P.2d 537.

■■ Defendant's second contention is that the trial court erred in admitting proof that the defendant's home had the general reputation of being a place where intoxicating liquors were kept for sale, without first having offered proof that the defendant's home was actually a place of public resort. In Williams v. State, 25 Okl.Cr. 284, 220 P. 667, this court said:

"Proof that defendant's home had the general reputation of being a place of public resort is not a sufficient predicate to authorize the admission of evidence of the general reputation of such place as a place where intoxicating liquor is kept for sale."

And quoted with approval in Fitzgerald v. State, 75 Okl.Cr. 192, 129 P.2d 867, 871:

"Matson, Presiding Judge, in the opinion, reviewing decisions of this court concludes as follows: 'Thus it will be seen that evidence of the general reputation of the premises as a place where liquors are sold is ordinarily not admissible in a prosecution for the unlawful possession of intoxicating liquor with intent to sell. In this jurisdiction the only exception to such general rule is as stated above, and evidently in this case the prosecuting officers believed they were complying with the premise that the place must be a place of public resort by merely proving the general reputation of the place as one of public resort. Such was not the holding in the Ward case. Before evidence of general reputation of the premises will

be held to be admissible in prosecutions of this kind there must be specific evidence that the place itself was a place of public resort, not simply that it bore such reputation.' "

To the same effect is Allen v. State, 72 Okl. Cr. 102, 113 P.2d 835; Byrd v. State, 91 Okl.Cr. 433, 219 P.2d 1027; Jones v. State, Okl.Cr., 234 P.2d 427. In the recent case of Clark v. State, Okl.Cr., 270 P.2d 1103, the identical question was passed on as appealed from the same trial court in which the cause was reversed and remanded for the reason herein asserted by this defendant. This evidence therefore constituted reversible error.

■ Another contention of the defendant is that the county attorney in his argument to the jury committed error by improper argument. This contention is apparently predicated on counsel's statement found in the record that the county attorney opened a box and took therefrom a bottle containing some liquid and exhibited it to the jury. Defendant contends that the exhibit had not been identified. But the record does not support this contention for it shows the box of liquor was marked Exhibit 1, and offered in evidence. This box of liquor was identified by Officer Cozard as being the liquor seized in the search of the defendant's premises. The trial court did not err in overruling the defendant's motion for a mistrial under the foregoing conditions.

■ The fourth proposition urged by the defendant is that the court erred in admitting in evidence the certificate of the Collector of Internal Revenue showing Alma Skaggs had purchased a federal Retail Liquor Dealer's license, for sale of liquor in Ada, Oklahoma, covering the time herein in question. As hereinbefore indicated such proof was clearly admissible. Title 37 O.S. 1951 § 81; Garner v. State, Okl.Cr., 248 P.2d 283; King v. State, 92 Okl.Cr. 267, 222 P.2d 771.

For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly reversed and remanded for new trial.

POWELL, P. J., and JONES, J., concur.