## H. W. JACKSON v. STATE.

No. A-2655.   Opinion Filed June 11, 1917.

(165 Pac. 619.)

**INTOXICATING LIQUORS—Unlawful Conveyance—Evidence—Identity —Sufficiency.** When a person is charged with unlawfully conveying intoxicating liquors from one place within the jurisdiction of the trial court to another place therein, and the proof fails to identify the defendant as the person committing the offense, by positive evidence or by circumstances which exclude every other reasonable hypothesis than that of guilt, a judgment of conviction cannot be sustained.

*Appeal from County Court, Okmulgee County; Mark Bozarth, Judge.*

H. W. Jackson was convicted of unlawfully conveying intoxicating liquor, and appeals. Reversed.

*E. M. Carter,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, H. W. Jackson, was convicted in the county court of Okmulgee county, on a charge of unlawfully conveying intoxicating liquors from one place to another in said county, and his punishment fixed at a fine of $400 and imprisonment in the county jail for 120 days.

The state introduced seven witnesses, none of whom connect the plaintiff in error with the crime charged.

Witness Thompson, conductor on a St. Louis & San Francisco Railroad Company passenger train, testified that a negro giving his name as H. J. Jackson was a southbound passenger on his train a few days before this crime is alleged to have been committed; that this negro

lost his grip and gave him his name and address; that he was not able to say that the H. W. Jackson on trial and H. J. Jackson, his passenger, were one and the same.

Witness Burns was also a conductor on the St. Louis & San Francisco Railroad Company's passenger train running between Sherman, Tex., and Sapulpa, Okla. This witness testified that defendant, Jackson, was on his train at Sherman, Tex., and told him he was going to get off at the railroad crossing north of Okmulgee; that he never saw the negro any more after passing the crossing. This conductor did not see any suit case with the defendant and did not see him leave the train.

Witness Chisholm was a porter on Burns' train. He testified that he knew the defendant Jackson; that he did not see him get off the train and did not know whether he had any suit case with him or not.

Witness Black, a deputy sheriff, testified that he sometimes knew the defendant and sometimes did not; that he captured 40 quarts of whisky, a case of beer, and a number of pint bottles of whisky; that the whisky was put off the train at the railroad crossing; that he started towards where it was; that some one started away with a case of beer on his shoulder; that he ordered him to stop and fired his gun in the air; that the party dropped the case of beer and ran; that he could not say that this man carrying the whisky was H. W. Jackson, the defendant on trial; that he was about the same size as defendant and resembled him.

This is the only testimony in the case, introduced by the state, which tends to connect the plaintiff in error with the crime of conveying whisky, and, in our judgment, is insufficient to establish the crime charged.

There are certain assignments of error based upon the instructions of the court and the action of the county attorney in attempting to introduce improper evidence. These raise no new questions and it is unnecessary to discuss them. The failure to connect the plaintiff in error with the crime charged by positive proof, or by circumstances which would exclude every other reasonable hypothesis except that of guilt, is fatal to this conviction.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE, P. J., and MATSON, J., concur.