LEONA MILLETT v. STATE.

No. A-5707.   Opinion Filed March 18, 1927.
(253 Pac. 1039.)

Hill & Banta, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant, Leona Millett, was convicted on a charge that she did have in her possession one-half gallon of corn whisky, with the unlawful intent to sell the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $300, and to imprisonment for 90 days in jail. To reverse the judgment she appeals.

A number of errors are assigned and argued, but one of which we deem necessary to notice, and that is based on the rulings of the court admitting incompetent and prejudicial evidence.

The state relied for this conviction upon the testimony of J. R. Robertson, under-sheriff, who testified:

"I have known the defendant, Leona Millett, a couple of years. I had a commitment for her, and on the night of January 28th I went to her mother's place. When I came in the door Leona ran into the kitchen, and squatted down. I went on through and in where she was. I said, 'Get up; I have a commitment for you.' When she got up I found that she was covering a half gallon of whisky with her dress. She said it was her whisky."

Over appellant's objections, this witness was then permitted to testify that he knew the reputation of the places where she has lived in the last two years for being places where intoxicating liquors are sold, and that reputation was bad.

He further testified as follows:

"I will ask you if she has ever been charged in the federal court, if you know, for unlawful possession of whisky.

"Mr. Banta: Objects as being incompetent.

"The Court: Overruled. Exception. A. I don't know whether she was ever charged in the federal court for unlawful possession of whisky, but she has been charged with being drunk.

"Mr. Banta: Moves that the answer be stricken, and the jury instructed not to consider it, the same being incompetent.

"The Court: Overruled. Exception.

"Q. Do you know whether she has paid a fine for unlawful possession of whisky? A. I don't know.

"Q. During all the time to which you refer, you say that James Millett's home had a reputation of being a place where intoxicating liquor was bought and sold? Was Leona Millett the wife of James Millett? A. Yes, sir.

"Mr. Banta: We move the answer be stricken.

"The Court: Overruled."

Appellant testified in her own behalf that Mr. Robertson came into her mother's home and picked up a jar, opened it, and said, "I believe it is whisky." He asked her mother how it came there. She said she did not know; that he stood around a little while, and said, "I have got to take somebody," and witness said, "Take me then." That just before Mr. Robertson came in a man came to the door and asked if this is where Sam Jefferson lived, and witness said "Yes, but he was not at home," and the man asked if he might leave the fruit jar there for Sam Jefferson.

The evidence tending to show that appellant had at different times lived in disreputable places was clearly inadmissible. The rule is without exception that evidence tending to prove disgraceful, immoral, or criminal conduct of one accused of crime, which is in no way connected with the offense charged, is inadmissible upon the issue of guilt, because the jury have no right

to draw any inference from such general bad character or specific misconduct that the accused committed the offense charged, and any attempt of the prosecuting attorney by suggestive questions to convey such facts to the jury constitutes misconduct.

It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307.

We do not deem it necessary to consider the other assignments of error. On the record before us we are convinced that appellant did not have a fair and impartial trial, and, for the reasons stated, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.