## WILL WALLER v. STATE.

No. A-6042.   Opinion Filed March 10, 1928.
(264 Pac. 922.)

Geo. W. Martin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was tried and convicted of the crime of having possession of about four gallons of whisky, with the intent to sell, barter, give away, or otherwise furnish the same. Motion for new trial was filed and overruled, and exceptions duly saved. The court upon the verdict rendered sentenced the defendant to imprisonment for 30 days in the county jail, and a fine of $100. The defendant has appealed to this court for the reversal of the judgment.

The testimony on behalf of the state in substance is as follows: John Weaver testified he was city marshal and deputy sheriff on the 22d day of May, 1925; that he lived at Gotebo, and knew the defendant; that a Mr. Maxwell called him to watch some whisky he had found near the road in a cotton patch Mr. Maxwell was cultivating; that, when he got out to where the whisky was, he found eight one-half gallon jars partially buried in the ground; that the defendant came out on a horse and rode up to where the jars were buried, and got down and picked up two jars of whisky and put them on his horse; he started to ride away, and, when I hollowed, defendant started off hurriedly on his horse, and threw the jars of whisky away and broke them.

W. N. Maxwell, called as a witness for the state, testified as to the same facts as the other witness, and also testified that he found the whisky in the cotton

patch; that he saw the defendant early that morning come out in a car, and seemed to have some car trouble near where the whisky was found, and turned his car and went away; that they waited until the defendant came out and got two jars of whisky; witness did not know who put the whisky where it was found.

The defendant in his own behalf testified: That he lived at Gotebo; that on the 22d day of May, 1925, he started out with his car, and kept having car trouble, and finally turned and went back to town; that he saw witness Maxwell at that time. That the witness was chopping weeds out of his cotton patch. In the afternoon of the same day he went out to the Maxwell place, and started to cross the Maxwell cotton patch to where a Mr. Collier was plowing. That he found this whisky, and took two jars of it. That, when he saw the officers, he threw the jars down and broke them. This in substance is all of the testimony.

We will consider the first assignment of error, which is:

"(1) That said verdict, judgment, and sentence is contrary to law; to which plaintiff in error excepted."

The testimony fails to disclose how the whisky came to be buried in the Maxwell cotton patch, but the testimony is specific that during the morning of the day the whisky was found the defendant in this case drove out by the Maxwell place, and seemed to have car trouble; that Mr. Maxwell discovered the whisky, and went to town and notified the officers; that a watch was kept, and later in the afternoon of the same day the whisky was found, the defendant in this case came back to the place where the whisky was buried, got off his horse, and took two one-half gallon jars con- the officers called to him, he threw the jars down and taining whisky, and started away with it; that, when

broke them. The quantity of whisky found at the place where the defendant was seen is prima facie evidence of an intent to sell, barter, give away, or otherwise furnish the same. Chapter 123, Session Laws 1923-24, p. 144.

The jury had the right to take into consideration the conduct of the defendant on the day he was found on the Maxwell place with the two one-half gallon jars of whisky in his possession, and the circumstances surrounding the finding of the whisky in the cotton patch, to determine as to the guilt or innocence of the defendant. The defendant insists in his argument that the testimony is insufficient to sustain a conviction, and cites Tice et al. v. State, 18 Okla. Cr. 33, 192 P. 434. In the Tice Case there is no testimony whatever to connect the defendant with the possession of the whisky he was alleged to have conveyed. Defendant also cited Ward v.. State, 15 Okla. Cr. 61, 175 P. 60, and Jackson v. State, 13 Okla. Cr. 520, 165 P. 619; Ren v. State, 9 Okla. Cr. 671, 132 P. 1131, but in each of these cases there was a failure of testimony to connect the defendant with the whisky. In this case the defendant admitted having in his possession two one-half gallon jars of whisky and destroying the same when the sheriff pursued him. He also admitted that he had been out near where the whisky was found the forenoon of the day that he started away from the cotton patch in the afternoon with the two one-half gallon jars of whisky. In this case the evidence is sufficient to sustain the verdict and judgment.

This court will not interfere with the finding of the jury, where there is credible evidence to sustain the verdict. There are other errors assigned, but, upon careful examination of the record, they were not prejudicial to the rights of the defendant.

The judgment is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.