KEENER LEE v. STATE.

No. A-8111.   Sept. 19, 1931.
(3 Pac. [2d] 243.)

W. B. Garrett and Percy Powers, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor with intent to sell, barter, give away, or otherwise furnish to others, and was sentenced to pay a fine of $250 and be imprisoned in the county jail for ninety days, from which judgment the defendant has appealed.

The testimony on behalf of the state, in substance, tends to show that the officers went to the defendant's home with a search warrant to search his premises and

found the defendant at home. A. B. Williams stated he went with Mr. Tittle to defendant's place; when they got within 150 yards of the house they saw the defendant lying on the porch; the defendant got up and went into the house; they drove up and stopped, and Mr. Tittle got out first. The defendant interposed objections to the introduction of the testimony for the reason that the information fails to state a crime against the laws of the state of Oklahoma, and then moved the court to suppress any evidence on the grounds that the search warrant described the property to be searched as the southeast quarter of the southeast quarter of section 23, township 26 north, range 21, when in fact the true description is the north one-half of the southeast quarter of section 20 that is occupied by the defendant. The search warrant did not describe the place on which the defendant resided, and the search warrant is illegal and insufficient. An admission on behalf of the county attorney was then incorporated in the record, which is as follows:

"It is admitted by the County Attorney of Greer County, Oklahoma, that at the time of the search and seizure that none of the officers of Greer County, Oklahoma, had any warrant for the arrest of the defendant Kenner Lee, and neither did the officers have any valid search warrant for the property where the whisky was found and seized.

"Hollis Arnett, County Attorney,
"Greer County, Oklahoma."

Under this admission of the county attorney it is clear that any evidence secured at the defendant's home was inadmissible, and the objections of the defendant should have been sustained to any evidence of the finding of any whisky on the person of the defendant, or the place, as they admit they had no search warrant for the

defendant's person and no legal search warrant to search where the whisky was found. The defendant testified in his own behalf, and stated positively that the whisky alleged to have been found some distance from his house was not his whisky, that he did not put the whisky where it was alleged to have been found, and that he knew nothing about it.

The defendant has assigned five errors alleged to have been committed by the trial court—the first assignment being that the trial court erred in overruling the motion for a new trial; the third being that said judgment is not supported by the evidence. These two assignments will be considered together, as they cover all the questions raised in the record.

It is urged by the defendant that there is no competent testimony to sustain the conviction, first for the reason that, when the officers came to his home with the search warrant where he was sick, they had no warrant to search his person, and that his person was searched by the officers and a small quantity which he had in his pocket was taken from him. There was no other whisky found on the premises described in the search warrant, and there is no testimony to directly connect the defendant with the actual or constructive possession of the whisky alleged to have been found a distance from the home of the defendant in a pasture or weeds. The defendant denied any connection with it whatever.

After a careful consideration of all the testimony in this case, and the circumstances surrounding the whisky alleged to have been found, we do not believe the testimony sufficient to show, beyond a reasonable doubt, the defendant owned or had actual or constructive possession of the whisky. The only suspicious circumstance that

has any tendency to connect the defendant with the whisky is that it was alleged to have been found near the tract of land controlled by the defendant, or within 200 yards of the defendant's house. This is a suspicious circumstance, but the question to be determined is, Is there sufficient testimony to sustain the conviction? In order to do so, we must infer that the whisky claimed to have been found by the officers a distance away from the defendant's home was in his possession, as the proof does not show that it was.

In this case there is a suspicion of guilt, but we hold the evidence falls far short of that convincing character that warrants a conviction of guilt. It will be observed there is no direct evidence that the defendant had actual or constructive possession of the whisky. Circumstantial evidence is legal, and, if it is of such quantity and quality to establish the defendant's guilt, it will sustain a conviction. We hold the evidence in this case is insufficient to support the judgment. Mahaffey v. State, 44 Okla. Cr. 29, 279 Pac. 704.

The judgment of the lower court is reversed.

EDWARDS and CHAPPELL, JJ., concur.