## DAVE EASTRIDGE v. STATE.

No. A-8920. Aug. 5, 1935.
(48 Pac. [2d] 869.)

E. Blumhagen, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

DOYLE, J.  Upon information filed in the county court of Blaine county, charging that on or about the 8th day of March, 1935, he did unlawfully have in his possession four pints of whisky with the unlawful intent to sell, barter, give away, and otherwise dispose of the same, Dave Eastridge was tried and convicted.  The jury were unable to agree upon the punishment.  Motion for new trial was presented and overruled.  On April 15th, the court entered judgment and sentenced defendant to be confined in the county jail for thirty days and pay a fine of $100 and the costs.  To reverse the judgment, he appeals.

The state called two witnesses.  Rayford Scott, sheriff, testified:

"I went to the home of Dave Eastridge March 8th, this year, I would say nine o'clock at night.  Mr. Awtrey and Mr. Baskins, deputies, were with me.  His home is in the southeast corner of Geary.  In serving a search warrant, we searched the place.  We found four pints of liquor.  I found one pint 41 steps east of the house, four feet off his premises on other premises and four steps east from that I found three pints.  I found tracks near the fence leading to the liquor.  The first pint bottle found four feet over the fence had been opened and was not full.  Defendant said he had been framed and some one else had planted it there.  He told me the opened bottle belonged to him, he had taken a drink out of it."

He further testified as follows:

"Q. Scottie, are you familiar with Dave's place down there?  A. I think so.  Q. Do you know what reputation

it bears in that community with reference to being a place of public resort?"

Objected to as incompetent, irrelevant, and immaterial.

"By the Court: Overruled. Exception. A. It bears the reputation of that kind of a place. Q. Is it a place where the public resort to? A. yes. Q. Are you familiar with the reputation of that place, that it bears in that community as a place where liquor is being bought and sold? A. Yes. Q. What is it? A. It has the reputation of being a bootlegging place where liquor is sold."

Same objection, and motion to strike all testimony in regard to reputation of the place.

"By the Court: Overruled. Exceptions."

Cross-examination:

"Q. I am asking you whether this liquor was found on the premises described in the search warrant. A. I don't think it was; as I said, it was four feet over the line on the other premises and four steps on to the three. Q. Did the defendant at that time ask you to compare his tracks with those tracks found out there? A. He did. Q. Did you make the comparison? A. No. Q. Who did you say lived in the house north of Dave's? A. I believe Henry Tedford. Q. Did you have any occasion to make a search of his premises? A. I think some of the boys were making a search at that time."

Clyde Awtrey, deputy sheriff, testified:

"Four feet east of the line we found one pint and found three more pints about five steps east of the line."

He further testified:

"Q. You know if it is a place where the public resort to? A. It has that reputation. Q. Are you familiar with the reputation of that place in the community for being a place where liquor can be bought and is being sold?"

Objected to as incompetent, irrelevant, and immaterial.

"By the Court: Overruled. Exception. A. Yes. Q. What reputation does it bear, or bear at that time? A. It bears that reputation of being a place where you could buy whisky."

Same objection and motion that answer be stricken.

"By the Court: Overruled. Exceptions."

As a witness in his own behalf, Dave Eastridge testified:

"My age is 31 years. I have lived in Geary practically all my life. My home, house and four lots is just within the city limits. I was at home the night the officers searched my place. They said they found some liquor across the fence on Mr. Henderson's place. It is a wheat field, with a dugout on it. I never kept any liquor on the premises and never sold any liquor. I talked with Sheriff Scott that evening and asked him to compare my track with the track he saw there. The track he found was smaller than mine."

George McArthur testified that he was at defendant's home on the 9th of March; that Mr. Eastridge asked him to compare the tracks with his own. That he made a careful examination and the tracks were much smaller than defendant's.

It is contended that the court erred in permitting the state to introduce over objection, evidence of the reputation of defendant's home as a place where intoxicating liquor was kept for sale. This court has repeatedly held that evidence of general reputation of defendant's home as being a place wherein intoxicating liquors are sold is admissible only upon the laying of the proper predicate, showing that his home was a place of general resort. Wil-

liams v. State, 25 Okla. Cr. 284, 220 Pac. 667; Lotta v. State, 30 Okla. Cr. 105, 235 Pac. 245; Yakum v. State, 30 Okla. Cr. 184, 235 Pac. 253; Millett v. State, 36 Okla. Cr. 309, 253 Pac. 1039.

In Severns v. State, 31 Okla. Cr. 281, 238 Pac. 217, it is said:

"In a prosecution for unlawful possession of intoxicating liquors, evidence of the general reputation of defendant's home as a place where intoxicating liquors are kept for sale is incompetent to prove the charge."

To justify or sustain a conviction of having possession of intoxicating liquor with intent to violate any provisions of the prohibitory liquor law, there must be evidence sufficient, not only to prove possession, but also to prove criminal intent.

In the instant case it was an undisputed fact that the liquor in question was not found on the premises of defendant and for this reason also it was inadmissible.

The evidence here complained of was inadmissible and obviously prejudicial.

The mere possession of intoxicating liquor, without intention to convey, sell, or otherwise dispose of such liquor, is not a crime.

The statute (section 2626, Harlow's Supp. 1934, Session Laws 1933, c. 153, p. 339, § 3) provides that the keeping in excess of one quart of intoxicating liquor "shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

It is urged that instruction No. 4, excepted to, is a comment on the weight of the evidence. The instruction is based on the statute quoted above. The part objected

to is as follows: "But you are also instructed in this connection, that such evidence may be rebutted .by other evidence in the case, whether shown by evidence on part of defense or the state, in connection with the evidence proving possession."

In this connection counsel for defendant requested the court to give an instruction defining the phrase "prima facie evidence."

We think the concluding words of the instruction above quoted, "in connection with the evidence proving possession," is a comment on the weight of the evidence, but not sufficent to constitute reversible error if the instruction requested by defendant was given.

The term "prima facie evidence," as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the unlawful intent, and, if it be credited by the jury, it is sufficient for that purpose, unless rebutted, or the contrary proved, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding the defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt. Caffee v. State, 11 Okla. Cr. 485, 148 Pac. 680; Wilson v. State, 11 Okla. Cr. 510, 148 Pac. 823; Sellers v. State, 11 Okla. Cr. 588, 149 Pac. 1071.

In Walton v. State, 53 Okla Cr. 24, 3 Pac. (2d) 212, 213, it is said:

"In instructing under this statute, the court must go further than tell the jury that proof of possession of the prohibited amount is sufficient to establish the unlawful

intent unless rebutted or the contrary proven, since this in effect requires the jury to convict unless the defendant shall rebut or prove the lack of the presumed intent. Even though an accused is proven to possess more than the prohibited quantity, it is not obligatory upon the jury to convict, but they must believe from all the evidence beyond a reasonable doubt that the accused is guilty, and the court by some apt language should so instruct the jury."

Finally it is contended that the evidence was insufficient to sustain a conviction. The state's evidence was purely circumstantial and of such character that it did not eliminate every other hypothesis than guilt of defendant. And we think it was insufficient to show the alleged possession by defendant.

Before a jury is authorized to find a defendant guilty, there must be evidence sufficient to show that the offense charged was committed and to identify defendant with the commission of it as charged in the information. We are of the opinion that, as a matter of law, the verdict of the jury on the evidence cannot be sustained.

For the reasons stated, the judgment of the lower court is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.