## HENRY HEWITT v. STATE.

No. A-9264.  May 28, 1937.
(69 Pac. [2d] 93.)

Sam L. Wilhite, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error was by information charged with possession of intoxicating liquors; was tried, convicted, and sentenced to pay a fine of

$50 and to be imprisoned in the county jail for 30 days. The record was properly saved, and defendant appeals.

. The state to maintain the charge in the information against the plaintiff in error, who will be referred to herein as the defendant, called Elmer Finley, who stated:

"I am sheriff of Caddo county, and was sheriff on the 24th day of March, 1936; on said 24th day of March, 1936, I searched the premises of Henry Hewitt; Heaton Tracy and J. O. Roberts were with me; Tracy has left my employ since that time, and Roberts is out of Caddo county; when we searched the premises we found twelve half pints of whisky in a little cabin east of the building, the defendant had his cafe in; the defendant has been there some time, I do not know how long."

Over the objections of the defendant, the witness was permitted to state there was quite a bit of traffic going to and from the defendant's place of business. Witness further stated:

"I passed along there several times at night and saw cars going in and coming out from there, it being a place of business. Where we found the whisky was in a cabin near the defendant's place of business, about 250 feet from the section line running east and west. The defendant was at the place of business at the time, and this cabin was on a part of the land the defendant had leased; the whisky was in a cabinet on the north wall, had just a common door."

On cross-examination witness stated Hewitt was running a cafe and pig stand, selling sandwiches, cold drinks, and beer, for which he had a license to sell.

Hoyt Shelby and Bob Eastman, testifying for the state, testified in substance the same as the witness Finley.

The state then, over the objections of the defendant, and before the defendant had testified, went into the repu-

tation of the defendant's place as being a place where whisky was kept and sold at the time the search was made and immediately prior thereto. The defendant interposed objections to all the state's testimony and especially that part of the state's testimony where the state attempted to show that the reputation of the place the defendant was running was bad for being a place where whisky was kept to sell. The defendant's objection was that it was incompetent, irrelevant, and immaterial, as the defendant was not charged with maintaining a public nuisance but only charged with possession of twelve half pints of whisky with intent to sell or give away the same.

The defendant, testifying in his own behalf, stated all he knew about the whisky found is, "They came to my place and found twelve half pints of whisky; the liquor did not belong to me; it was found in a cabin a short distance from my place."

On cross-examination witness stated he had been living at the place for about five years.

"I believe the officers came out there in the afternoon. The fellows that were living in the cabin I believe were named Barbees; I don't know where they are now; I do not know to whom the whisky belonged; it was in these boys' bed room; I had two boys and two girls working there. I ought to have traffic; I sold from 20 to 50 cases of beer a day; I was entitled to some traffic or I would never have sold that much. The girls worked in the joint, I don't know who they were, I hired and fired so many I can't tell you how long they had been working there. I had been running this place five years. I did not tell the officers anything when they came down to my place; they did not find any whisky in my place of business."

The foregoing is in substance the testimony of the state and the defendant.

The defendant has assigned eleven errors alleged to have been committed by the trial court. The first assignment is that the court erred in overruling the plaintiff in error's motion for a new trial. The first assignment of error covers all the grounds raised by the defendant embraced in his motion for a new trial.

The defendant in his argument alleges that the evidence as to the ownership and possession of the whisky is insufficient to sustain the verdict against him. The information charges illegal possession and control of whisky. There is not a word in the testimony showing that the defendant was ever in possession of the whisky found in the cabin where his hired men lived, or that he exercised any control or possession over the same. The whisky found by the officers was not found in the place of business of the defendant, nor is there a word of evidence that the defendant had at any time sold any whisky at his place of business.

At most the state's evidence only raises a suspicion, and the defendant positively denies he was in possession, had been in possession, or that he had knowledge the whisky was in the cabin where the hired men roomed and slept.

In Dorsey v. State, 44 Okla. Cr. 7, 279 Pac. 917, 918, this court said:

"In view of the fact that the defendant took the stand and denied any knowledge of the whisky being where it was found, denied any ownership in it, and stated he had never been charged with an offense before, had never been arrested, and had never been a witness in court, only having served once on the jury, where premises are occupied by two families jointly, the proof should be sufficient to show that the party charged with the possession had exercised some control over the whisky before the jury would

be warranted in finding a verdict against the defendant."

So far as the record shows in this case, the defendant had never been arrested or convicted for any crime prior to this time.

In Bergedorff v. U. S. (C. C. A.) 37 F. (2d) 248, in the second paragraph of the syllabus, the court said:

" 'Possession' of intoxicating liquor in violation of law means dominion and control."

And in the third paragraph of the syllabus the court said:

"Legal presumption was that defendant was innocent of charges of possessing intoxicating liquor."

In the opinion, the court, in summing up the evidence, stated:

"Appellant's hired man testified that when the officers came on March 31st he had just come in with a load of hay, that no one was at home except himself and Mr. Bergedorff's aunt, that defendant and Mrs. Bergedorff left that morning and returned that evening, that he had been working on the fence on the south and east side of the alfalfa field and had driven over the field several times hauling posts back and forth, old posts out and new ones in, that he seldom followed the same track across the field in order not to cut the alfalfa too much, that he knew nothing about any liquor business going on around there. He was not away from the place except for a few hours at a time. There was no contradiction in the testimony of witnesses.

"The facts stated constitute the substance of all the material testimony, and we entertain no doubt that it was wholly insufficient to sustain the verdict on either the first or second count. The possession charged on those counts means dominion and control.

"On the evidence stated the verdicts of the jury were as to each count a pure surmise made in the face

of the legal presumption that appellant was innocent of the charges, and that he could not be convicted until his guilt should be established beyond a reasonable doubt. It was error to refuse to instruct verdicts of not guilty as requested."

Patrilo v. U. S. (C. C. A.) 7 F. (2d) 804; Huth v. U. S. (C. C. A.) 295 F. 35; Colbaugh v. U. S. (C. C. A.) 15 F. (2d) 929.

In State v. Florence, 79 Utah, 200, 8 Pac. (2d) 621, 622, the Supreme Court of Utah, in the sixth paragraph of the syllabus stated:

"To show that defendant 'knowingly' possessed liquors, state must show conscious possession and actual control, care, or management thereof; merely finding liquors on defendant's premises being insufficient."

In Eastridge v. State, 57 Okla. Cr. 323, 48 Pac. (2d) 869, in the first paragraph of the syllabus, this court said:

"To justify or sustain a conviction for unlawful possession of intoxicating liquor, there must be evidence sufficient to prove possession, and also evidence of the criminal intent."

The evidence in this case as to the defendant having possession of the whisky found by the officers in the cabin occupied by his hired men near his place of business does not measure up to the standard required by the laws of this state, and is wholly insufficient to sustain a conviction.

There are many questions raised by the defendant, some of which are sufficient to reverse the case, but for the reasons stated in this opinion it is not necessary to consider them.

The failure of the state to show by competent evidence that the defendant had possession, control, or dominion

over the whisky found in his hired men's sleeping room, or that he had any knowledge it was there, requires that this court hold that there is no competent evidence to sustain the conviction and judgment.

The case is reversed, with directions to dismiss.

DOYLE and BAREFOOT, JJ., concur.