## JOHN BOHANNON v. STATE.

No. A-9475.   Oct. 7, 1938.
(83 P. 2d 422.)

E. H. Gipson, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Neville Gillum, Co. Atty., of Sayre, for the State.

DOYLE, J. Upon information charging that in Beckham county, on or about the 1st day of May, 1937, he did unlawfully have in his possession nine pints of whisky, with the unlawful intent to sell the same, John Bohannon was tried and convicted, and his punishment fixed at a fine of $50 and 30 days' imprisonment in the county jail.

Motion for a new trial was denied on January 24, 1938; thereupon the court rendered judgment in accordance with the verdict. To reverse the judgment he appeals, assigning numerous errors, and that the verdict rendered is not supported by the evidence and is contrary to law.

It appears that the defendant's motion to suppress the evidence came on for hearing when the case was called for trial, and the court after hearing the evidence made the following order:

"The court finds that the search warrant should be stricken for the reason that the same was invalid and that the evidence of liquor found under and by virtue of the said warrant within the curtilage or home of said defendant should be suppressed, and the court further finding that the liquor found on defendant's premises and outside of the curtilage is not subject to attack by motion to suppress the evidence, for the reason that a search warrant was not necessary for defendant's land outside of the curtilage."

The evidence on the part of the state showed that Ed West, sheriff, accompanied by officers Albert Little, Clarance Phillips, A. B. Morrison, and John Bell, went to the John Bohannon home and farm. There the sheriff served a search warrant on John Bohannon, and they proceeded to search the residence, barn, all out-buildings and the 160 acre farm.

The first witness, Ed West, sheriff, testified that he found three pints of Paul Jones whisky in a tow sack, along-side the fence, between the field and the pasture on the 80 acres the residence is on, and 300 yards northeast of the house; that he was acting under the search warrant when he found this liquor.

The only other witness for the state, Albert Little, deputy sheriff, testified that in company with Sheriff West, he went out to the Bohannon place and assisted in the

search that was made there; that he searched the south 80 of the Bohannon farm, and found two pints of Cream of Kentucky whisky, about 200 yards from the house, and turned them to the sheriff.

As a witness in his own behalf, John Bohannon testified that he was 69 years of age; that he did not accompany the officers in their search of his place, and did not know except from their testimony where or what they found; that none of the liquor found by the sheriff on the north 80 or the liquor found by deputy Little on the south 80 of his place was his; that he did not authorize or direct anybody to place the liquor out there; that he did not know it was out there.

On cross-examination he stated that he had never been convicted of a violation of the prohibitory liquor law; that he was the owner of the 160-acre farm that was searched.

The foregoing is in substance the testimony of the state and that of the defendant.

At the close of the evidence the defendant moved the court to instruct the jury to return a verdict of not guilty, on the ground that the evidence is wholly insufficient to sustain a conviction, which was overruled. Exception.

To justify or sustain a conviction for unlawful possession of intoxicating liquor, there must be evidence sufficient to prove possession, and also evidence of the criminal intent. Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869.

On the record before us, it appearing that the trial court having held that the search warrant was invalid, although the complaint and search warrant described the 160-acre farm of the defendant, we think the search and seizure in this case was unreasonable within the meaning of section 30, Bill of Rights, Okla. St. Ann. Const. art. 2, § 30, and for this reason all the state's evidence was improperly

admitted in violation of defendant's constitutional and statutory rights, therefore, the trial court should have sustained the defendant's motion for a directed verdict of acquittal. Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238.

In our opinion, the state's evidence, if admissible, was not sufficient to sustain a conviction. It was purely circumstantial and of such a character that it did not eliminate every other hypothesis than guilt of the defendant, and was insufficient to show the alleged possession by the defendant.

Before the jury is authorized to find a defendant guilty, there must be evidence sufficient to show that the offense charged was committed and to identify the defendant with the commission of it as charged in the information.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.