**Bocy CULLARS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12762.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1959.

Cecil Robertson, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Bocy Cullars, defendant below, was charged by information in the County Court of Muskogee County, Oklahoma, with the offense of unlawful possession of intoxicating liquor on or about November 7, 1958, in said county and state. 37 O.S.1951 § 31. He was

tried without a jury, found guilty by the court, and his punishment fixed at a fine of $50.00 and thirty days in jail. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The whiskey involved in this case was not found on the premises occupied and controlled by the defendant, but was found on adjacent property, ten feet away, under the foundation of an adjoining house. The search warrant under which the search and seizure was made extended only to a one story rock veneer house known as Bocy's Chicken Shack located at 630 Fifth Street, Muskogee, Oklahoma. The property where the seven bottles of liquor was found was shown by competent proof to belong to the accused's brother, which he had acquired in 1947 by warranty deed, and no evidence of the defendant's possession or control thereof was offered. Three officers conducted the raid. Deputy sheriff Jackson, and county investigators Bill Wiley and Barney Oman. The deputy sheriff testified they had no conversation with the defendant about the whiskey. Mr. Oman could not and did not testify as to whose whiskey they found; in fact, he testified he had no conversation with the defendant about its ownership. Mr. Wiley said he was not present when the whiskey was found. He said he later heard the defendant say, "Well, it looks like they did some good." He said he asked him if they found his whiskey, and the defendant only said, "Uh." He said he asked the defendant where the rest of it was and he said that was all there was.

The defendant admitted possessing a retail liquor dealer's license, but positively denied this whiskey was his or that he had any whiskey on the premises of his brother. The fact he owned the liquor dealer's license did not relieve the state of proving his ownership or possession of the liquor, but would serve only to establish an unlawful intent when such ownership was proved. The defendant testified the officers never asked him about the whiskey being his. In this he is corroborated by the deputy sheriff, Jackson, and investigator Oman.

The only evidence of the ownership of the liquor is the extrajudicial admission allegedly made by the defendant to Mr. Wiley. The other two officers did not so testify. It occurs to the court that we would tread on dangerous ground in sustaining a conviction upon the weak premise and uncertainty of an indefinite extrajudicial admission such as is involved herein. We are loathe to sustain a conviction on such fragmentary positive evidence supplied by the officer alone, especially when all the circumstantial evidence is of such a character that it did not eliminate every other hypothesis than guilt of the defendant and was insufficient to show possession by the defendant. We fear to so hold might establish a precedent which could, if abused, greatly endanger the liberty of the people. There must be ample proof of the ownership of the liquor by the defendant or that he was in possession and control of it. Hill v. State, 76 Okl.Cr. 371, 137 P.2d 261; Bohannon v. State, 65 Okl.Cr. 121, 83 P.2d 422.

The evidence herein creates a case of strong surmise of the defendant's guilt, but does not rise above the level of surmise, speculation, or suspicion. Adams v. State, 97 Okl.Cr. 236, 261 P.2d 614. The defendant was entitled to the full benefit of the legal presumption of innocence, and could not properly be convicted unless the evidence established his guilt beyond a reasonable doubt. We think under the undisputed facts and circumstances in this case, the trial court should have sustained the defendant's demurrer to the evidence. Hill v. State, supra. The judgment and sentence is accordingly vacated and set aside and the trial court directed to dismiss the prosecution.

POWELL, P. J., and NIX, J., concur.