Jerry HATHCOCK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13709.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1965.

Rehearing Denied Jan. 12, 1966.

Floyd Henson, Shawnee, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Jerry Hathcock, hereinafter referred to as defendant, was convicted of the crime of Burglary Second Degree, After Former Conviction of a Felony, in the District Court of Pottowatomie County, and sentenced to a term of from 7 to 21 years in the penitentiary.

This cause was filed in this Court on June 10, 1965, alleging numerous assignments of error. Brief was due to be filed by July 10, 1965. On August 31, some 52 days late, and out of time, extension of time to brief was asked for and this Court granted defendant 45 days in which to file brief, or by October 15, 1965. None was received, and the cause was set on the docket of November 17, 1965. On that date, counsel appeared with his brief and waived oral argument. The Court will consider the assignment set forth in his brief, even though counsel was not permitted to file same out of time; it appearing to the Court that the delay was not the fault of Mr. Henson.

■ Defendant's first assignment of error is that the trial court erred in overruling his Motion to Suppress. We will be unable to determine the merits of this contention, as the record before this Court is not complete. It is not shown *what evidence* defendant seeks to suppress. The trial court's ruling on this motion does not appear of record. On p. 29 of the casemade, a reference is made that the motion has heretofore been passed on, but no indication of what actually transpired. Later in the record, when certain watches, drills, and a sack in which the watches were found, were introduced, it is to be noted they were introduced *without objection*.

This Court has repeatedly held, as in the case of Slaton v. State, Okl.Cr., 257 P.2d 330, that where casemade does not contain evidence taken at hearing on motion to suppress evidence, case will not be reversed because of overruling of motion. In the instant case, the record does not even show whether or not the motion *was*, in fact, overruled, in part or in whole.

■ This Court must consider the record as it is made, and as it was stipulated to by counsel for defendant and county attorney as being a correct representation of what took place in entire proceedings.

■ In the case of Booze v. State, Okl. Cr., 390 P.2d 261, this Court stated:

"Where a motion is made to suppress the evidence by reason of an unlawful or unauthorized search, burden is upon the one making such motion to sustain the claim that the search was unlawful."

See, also, Franklin v. State, Okl.Cr., 279 P. 2d 1116; Edwards v. State, Okl.Cr., 319 P.2d 1021; and Lyles v. State, Okl.Cr., 330 P.2d 734.

It is the further opinion of the Court, that the evidence adduced at the trial contradicts defendant's claim of illegal search and seizure.

■ Defendant's second proposition of error is that the trial court erred in allowing police officers to testify as to certain declarations made by defendant.

■ This proposition was not listed in defendant's Motion for New Trial, and this Court has held, as in the case of In re Chase v. State, Okl.Cr., 373 P.2d 259:

"Only assignments of error preserved in motion for new trial will be considered on appeal to the Court of Criminal Appeals, unless error complained of is fundamental."

Further, there were no objections made to the admissibility of his statements when they were introduced into evidence.

This Court has carefully reviewed the record in the instant case, and find no error meritorious enough to cause a reversal. The judgment and sentence of the trial court is therefore affirmed.

BUSSEY, P. J., and BRETT, J., concur.